PETTENGILL *versus* PATTERSON, *Executor.*

Suits against executors must be commenced within four years from the time
they give their bond and notice of their appointment, except in certain cases
specified in the statute.

Where a creditor, having a claim against an estate which is not due until
the four years have expired, unless *within that period*, it has been filed in the
probate office, he can have no remedy against the executor.

And where the obligee in a bond given by the testator has recovered judgment
for its penalty and execution for such sum as was due, against the executor,
within the *four years* from the time he accepted his trust, *scire facias* will
not lie *after* the four years have elapsed, to obtain execution for subsequent
instalments.

ON FACTS AGREED.
SCIRE FACIAS.

The defendant was executor of the last will and testament
of Foxwell F. Pettengill, and was qualified to act on Dec.
27, 1847.

His testator, with four other children, had given a bond in

$2000 to the father, Howard Pettengill, and Annie his wife, conditioned to furnish support to his wife, during her life.

Howard Pettengill died before the execution of the bond, but in his will he charged his lands with its performance.

At the October term of this Court in Kennebec county, 1851, the plaintiff recovered judgment against defendant as such executor, for the penalty of the bond, and execution was directed to issue for eleven instalments of $22 each, and costs.

That execution was paid in Nov. 1851, and Oct. 1852.

The present suit, the plaintiff still living, was commenced Feb. 4, 1854.

If the suit is maintainable, a default is to be entered and the amount of judgment to be made up by the Court; otherwise a nonsuit to be entered with costs for the prevailing party.

*Vose*, for defendant, contended that this action was barred by the statute of limitation. R. S., c. 146 § 29, and c. 120, § 23; *McLellan* v. *Lunt*, 14 Maine, 254.

If the plaintiff had a demand not due against the estate, the statute provides the way to obtain it. c. 120 § 25. If she has neglected that course, the law has cut her off from this.

*Lancaster*, for plaintiff, replied that this was not an original but judicial writ, and was a mere continuation of the original action, and the statute would no more apply to this than to that. But that was in season. *Morton* v. *Morton*, 4 Cush. 518.

APPLETON, J. — By R. S., c. 146, § 29, no action can be maintained against an executor or administrator after the expiration of four years from the date of his appointment, and notice thereof, except in the cases mentioned in R. S., c. 120, "where the provisions are distinctly stated." In *McLellan* v. *Lunt*, 14 Maine, 254, it was held that a writ of *scire facias*, as well as an action of debt, commenced more than four years after the appointment of an executor or administrator, though founded upon a judgment recov-

ered within four years, was barred by the statute of 1821, c. 52, § 26. This action is consequently barred, unless saved by the provision of R. S., c. 120.

By R. S., c. 120, § 23, the same limitation as to actions against executors and administrators, is enacted as in c. 146, § 29, subject only to the exception of "cases after mentioned." By § 24, provision is made for the case where assets have been received after the expiration of the period of four years.

The only section which is applicable is the twenty-fifth, by which it is provided when the demand of any creditor, "founded on any covenant, contract or agreement, shall not accrue within four years," that "the claimant may file such demand in the pobate office within said term; and the Judge of Probate shall *direct* the executor or administrator to *retain* in his hands assets, if there are sufficient, *unless* the heirs to such estate, or the devisees thereof, shall *give bond*, with sufficient surety or sureties, in the opinion of the Judge of Probate, to such executor or administrator to respond to the same." When the security above referred to is given, the executor or administrator is not allowed to retain in his hands the assets of the estate for the purpose of meeting the demands referred to in § 25, but the remedy of the creditor is upon the bond. If no bond is given, then by § 27, the claim is to be brought against the executor or administrator.

It was obviously the intention of the Legislature, that four years should be a perfect bar to all actions, except in the cases specifically mentioned. The plaintiff does not bring herself within any of the statutory exceptions. Her claim was contingent and uncertain, depending upon the duration of her life. No demand was ever filed in the probate office. More than seven years have elapsed since the defendant assumed his trust as executor. If no demand is filed in accordance with § 25, the executor has no right to retain the assets of the estate. That right exists only when the demand is filed, and the heirs or devisees refuse to give the

required bond, and upon such refusal the Judge of Probate shall direct him to retain such assets as may be sufficient to satisfy the demand filed. The defendant, if in no fault, should not be held, unless he has retained assets to meet the present claim. That he could not do without the direction of the Judge of Probate. The plaintiff cannot complain that assets have not been retained, inasmuch as she has never filed in the probate office the demand which she now seeks to enforce.

In *Morton* v. *Morton*, 4 Cush. 518, no question as to the effect of the statute of limitations arose. *Scire facias* is undoubtedly the proper remedy to revive a judgment, but when barred by lapse of time, it cannot be maintained. Such is the condition of the present plaintiff. Her right to maintain the present suit is barred by statute.

*Plaintiff nonsuit.*

TENNEY, J., did not sit in this case.